[Civil No. 2184.  Filed January 3, 1925.]

[231 Pac. 615.]

## CONSTANTINO GIACOMA, Appellant, v. JAMES BRACCO, Appellee.

1. PARTNERSHIP—NO NECESSITY FOR ACCOUNTING BETWEEN PARTNERS IN ABSENCE OF UNPAID DEBTS OR UNDIVIDED PROPERTY.—Where the evidence showed no unpaid partnership debts and no undivided partnership property, there was no necessity for an accounting, and court's refusal to take jurisdiction of accounting was not erroneous, even though it was mistaken in concluding that partnership was an unlawful enterprise.

2. PARTNERSHIP—EVIDENCE HELD TO SUSTAIN FINDING PARTNER HAD ASSUMED LIABILITY OF PARTNERSHIP NOTE.—Evidence *held* to sustain finding partner had assumed obligation to pay partnership note which constituted sole liability of dissolved partnership.

3. PARTNERSHIP—COURT'S REFUSAL TO HEAR EVIDENCE AS TO PURPOSE OF PARTNERSHIP HELD NOT ERROR, WHERE EVIDENCE WAS INSUFFICIENT TO SHOW NECESSITY OF ACCOUNTING.—Where evidence is insufficient to show any necessity for accounting between partners, court's refusal to hear testimony as to purpose of partnership tending to show it lawful was not error.

---

See (1) 30 Cyc., p. 682 (1926 Anno.).   (2, 3) 30 Cyc., p. 737.

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Affirmed.

Mr. H. L. Partridge, for Appellant.

Mr. D. L. Cunningham, for Appellee.

ROSS, J.—This is an action by Constantino Giacoma against James Bracco for an accounting of their partnership business. In 1922 the plaintiff filed his complaint alleging that in 1904 they had formed a partnership to carry on the business of retail liquor dealers, in Globe, Arizona; that by mutual consent they dissolved the partnership in January, 1907; that they again reformed their partnership in 1908 and carried on the business as such until August, 1914; that at this time, by mutual consent, the partnership was again dissolved, the terms and conditions of the dissolution being in writing and signed by both parties, but that said agreement was not fully executed or carried out, and was on January 1, 1915, canceled and annulled, and on said date they again resumed their partnership relations and conducted a retail nonintoxicating drink establishment until December, 1916, when the partnership was dissolved and the merchandise left in the possession of defendant, Bracco. It is alleged that during this time the partnership acquired real property, and also store furniture and fixtures, situate in Gila county; that during the last four years each of the parties had expended money in the care, management and preservation of the real property, and collected rents therefor. It is alleged that defendant, Bracco, withdrew from the partnership funds large sums of money, the amount of which is unknown to the plaintiff; that the defendant has all the partnership books in his possession, and will not permit an inspection thereof by the plaintiff; that there has never been a full and complete accounting of the receipts and expenditures of the partnership or the transactions of

plaintiff and defendant concerning the real property; that plaintiff has demanded such an accounting, which has been refused; that there is outstanding, due the First National Bank of Globe, a note of the partnership for the sum of $2,000.

The defendant in his answer pleads the four-year statute of limitation, so far as the accounting asked for under the first partnership, from 1904 to January 1, 1907; also as to the second partnership, from January 1, 1908, to August 1, 1914, is concerned, denies any resumption of the partnership business on January 1, 1915, or thereafter, and alleges that the contract of dissolution of August 1, 1914, was fully performed in all respects, affirmatively states that he turned over such liquor stocks as he had on hand to his brother, John Bracco, who with plaintiff, Giacoma, in January, 1915, formed a partnership for the purpose of selling and disposing of such liquors, but that, should it be determined that he was a partner in said business, such partnership was dissolved in 1916, at which time there was a complete settlement and accounting between the plaintiff and defendant, and that the four-year statute of limitation had run against the right to have an accounting thereof, alleges that all the property owned or purchased by them is owned as tenants in common and not as partners.

The plaintiff's evidence consisted of his own testimony and that of defendant, whom he put on the stand for cross-examination as permitted by the statute and asked about the note owed to the First National Bank. By the plaintiff's own testimony it was shown that, after the second partnership was formed, it paid up and settled all the outstanding debts of the first partnership; that the same was true of the indebtedness of the second partnership, it being cared for by the third or last partnership, except the one item of $2,000 owed to the First National Bank.

There was no evidence introduced showing that the partnership owned any real or personal property or choses in action at the time of the dissolution in 1916, or that it had any assets whatever, either tangible or intangible, or that the plaintiff and defendant had had any dealings with each other since December, 1916.

The written contract of dissolution dated August 1, 1914, was introduced in evidence. Generally the agreement was that Giacoma would step out of the business, and that Bracco would carry on individually and for his own account. The agreement recites the invoiced value of the liquors on hand at $3,266.20, and that it was turned over to Bracco; he agreeing to pay therefor the invoice price. He also agreed to pay all the bills, accounts and purchases of the dissolved partnership.

If this last dissolution agreement was not because of the imminence of prohibition in Arizona, it at least took such possibility into consideration, for in the agreement is found this provision:

"Should the liquor traffic be prohibited by the state, and should the state order the destruction of said liquor stock, whatever may be the amount of the liquor stock on hand at the time shall be charged to both parties equally, except what stock may have been purchased after the 1st day of August, 1914, for which party of the first part declines any and all responsibility."

The evidence of the plaintiff in that connection is as follows:

"On January 1, 1915, when the country went dry, we had lots of intoxicating liquor in our possession. I don't know where the liquor is now. We disposed of it. I don't know how we disposed of it. John Bracco sold some of this liquor, and they arrested him, and they arrested me. I had nothing to do with the sale, but we paid a fine. Mr. Bracco was in the

place at the time, and I was playing cards. I didn't even know what had happened. Bracco and Giacoma's money paid the fine, and we paid our attorney. We had all liquor in our place before the country went dry. I sold some of it. On the 1st of December, 1916, when Jim Bracco and I ceased being partners, part of the liquor was disposed of and the rest taken home. We had no agreement at the time we formed the partnership that John Bracco was to work in the Fashion to sell that liquor under the guise of running a soft drink establishment. The only agreement we had was that Jim Bracco and I should come back into partnership."

As to the allegation that defendant, Bracco, had overdrawn· and was indebted to the partnership, the only item of testimony is that some time after or about 1912 he drew a check against the partnership bank account for the sum of $2,000, stating that he wanted to use it in connection with an individual purchase of the property known as the "White House," and that, in consideration of his being permitted such $2,000 of partnership funds, he would pay off the $2,000 note due the First National Bank. Plaintiff testified that in December, 1916, "Bracco was indebted to the partnership," but he doesn't say how much. The only specific item of indebtedness that he mentions is the overdraft of $2,000. The plaintiff had access to the partnership books until the dissolution in December, 1916. Prior to that time plaintiff had been actively interested in the management of the partnership. He admits having seen the partnership books as late as 1917. If at the time of the dissolution there existed any source of income to the firm, there is no evidence of it. Whatever moneys of the partnership defendant may have used we must therefore conclude were appropriated prior to the dissolution in 1916, and within the knowledge of plaintiff. Since the evidence does not show that any

debts were due the firm when it dissolved, or that defendant had collected any moneys belonging to the firm, we must assume that the only item defendant owes the partnership is the one of $2,000 mentioned above. Defendant denied assuming the note to the bank, but insisted in his testimony that such note was a partnership indebtedness contracted in 1912 and renewed from time to time until 1916 by the partnership, and thereafter by himself.

The court sustained the plea of the statute of limitation as to any accounting prayed for of the partnership from 1904 to 1907, and the partnership from 1908 to August 1, 1914. The court found that defendant, Bracco, had assumed the payment of the note of $2,000 to the First National Bank. The court found that the joint enterprise entered into on January 1, 1915, was for the purpose of disposing of intoxicating liquor in violation of the prohibition law of the state, and refused its equity powers in adjusting any differences that might have arisen between the parties in such transaction.

Plaintiff has appealed. He complains of the court's conclusion that the partnership formed in January, 1915, was for the illegal purpose of disposing of intoxicating liquors, and says that only one violation of the law was proved, and as "one swallow makes not a spring, nor one woodcock a winter," so one illegal sale is not proof that the purpose of the partnership was unlawful. This, we think, may be granted and still not affect the court's decision.

There was no evidence introduced or offered of any debts owed or contracted by the firm during or after 1915, or of any undivided assets, funds or property on hand by reason of such partnership, or of any liability growing out of such relation. So far as the record shows, any property belonging to the partners was divided. The only statement as to the disposi-

tion of any of it was by the plaintiff, wherein he says:

"When Jim Bracco and I ceased being partners, part of the liquor was disposed of, and the rest taken home."

So, even though the court's reason for not taking jurisdiction of the partnership accounting from January 1, 1915, was not well founded, his action was justified because there was an absolute absence of any showing of a necessity for an accounting for the period of time covering 1915 and 1916.

He also contends that the court erred in holding the statute of limitation had run. From the record we find nothing in the hands of either of the partners to divide, and the only liability left uncared for is the $2,000 note owing the First National Bank, which originated during the partnership of 1908–1914. If the court's finding that Bracco assumed that debt to the bank can be sustained, it would be the end of the lawsuit, as under the evidence it would leave all their partnership affairs adjusted and an accounting unnecessary.

The court's finding was based on the written agreement of dissolution, dated August 1, 1914, in which Bracco agreed to pay "all the bills, accounts, and purchases of the now dissolved copartnership up to the date hereto." But the plaintiff testified that this contract was canceled and rescinded, and his testimony in that respect stands undisputed. It must be conceded that the partners had a right to rescind their written contract, and that being true, the evidence, relied upon by the court as casting the burden of paying the note upon Bracco, fails.

Taking out of consideration this written agreement of Bracco to pay all bills and accounts, etc., of the partnership, because of its rescission, the question as to whether this bank note, as between the part-

ners, was a joint obligation or not is in dispute; plaintiff testifying that defendant assumed to pay it for the $2,000 that he took out of the partnership funds, and the defendant denying that he agreed to pay it. While Bracco insisted in his testimony that the note was a partnership debt, the testimony of Giacoma to the effect that Bracco had agreed to pay it is uncontroverted. In other words, Bracco did not deny the testimony of Giacoma to the effect that he had used $2,000 of the partnership funds for his personal account. Treating Giacoma's testimony in that regard as true, the court might well have found that Bracco had agreed to discharge his obligation to the partnership by paying the partnership note to the bank for the same amount.

In this view we conclude that the court's finding that Bracco had assumed the obligation to pay said note is fully sustained by the evidence. This leaves the affairs of the partnership, so far as the record discloses, fully liquidated, and an accounting unnecessary.

Having come to this conclusion, it obviates the necessity of passing upon the question of the correctness of the court's ruling upon the statute of limitation.

The plaintiff also complains because the court refused to hear further testimony upon the point that the purpose of the partnership business, from January, 1915, to December, 1916, was the sale of soft drinks. It is obvious that, in the absence of evidence of a need for an accounting, the character of the business transacted was immaterial, and for that reason the court did not err in refusing the offer.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LYMAN, J., concur.